UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CR161DJS(MLM) |
| ) | |
| LAVAR HARMON, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the Government's Motion to Dismiss Count One of the Indictment Without Prejudice. [Doc. 21] Defendant does not oppose the Motion.

On April 1, 2006 an Evidentiary Hearing on defendant's Pretrial Motions was scheduled. Defendant appeared in person and by counsel, Richard Sindel. The government was represented by Assistant United States Attorney Hal Goldsmith. Defendant had previously filed a Motion to Suppress Statements [Doc. 19] and a Motion to Reveal the Identity of the Confidential Informant [Doc. 20]. Counsel for defendant and the government have engaged in negotiations and in response to the latter Motion, the government filed the instant Motion to Dismiss Count I. At the time of the scheduled hearing, defendant withdrew his previously filed Motions after counsel for defendant made an extensive record.

Still remaining is the government's Motion to Dismiss Count I. The government's Motion sets out a factual summary of the various Counts in the Indictment:

> The Federal Grand Jury returned a seven-count indictment against defendant, who was arraigned on the charges on March 10, 2006. Defendant is charged in Count One with distribution of approximately one gram of cocaine powder. Defendant is charged in Counts Two through Six with separate distributions of cocaine base (crack), in quantities ranging from approximately two and one-half grams to twenty-six grams. Defendant is charged in Count Seven with a separate possession with intent to distribute approximately 54 grams of cocaine base (crack). Counts Two through Seven relate to a series of negotiations and crack cocaine transactions between defendant and one undercover St. Louis County Police Detective. Count One involved the initial introduction of the undercover police detective to the

**defendant by a confidential informant and a "good faith" purchase of a very small quantity of cocaine powder by the detective from the defendant.**

The government states it does not intend to call the confidential informant ("CI") as a witness. Further, the government has moved to dismiss Count One and states it does not intend to proceed with the charge or offer evidence relative to the November 30, 2005 transaction at which the CI was present to introduce defendant to the undercover agent. Under these circumstances, and without opposition by defendant, Count One should be dismissed.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the government's Motion to Dismiss Count One Without Prejudice be **GRANTED**. [Doc. 21]

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler  
**MARY ANN L. MEDLER**  
**UNITED STATES MAGISTRATE JUDGE**

Dated this __12th__ day of April, 2006.