UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CR00161 DJS |
| | ) | |
| LAVOR HARMON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant's motion to rescind the detention order [Doc. #30], filed on May 22, 2006. The motion was referred to the undersigned by Order dated May 23, 2006. [Doc. #34]. The motion recites that the parties entered into a Plea Agreement in which the government agreed to withdraw its request that Defendant be detained pending sentencing, as follows:

> "...The government has agreed to withdraw its request that defendant be detained pending sentencing, and does not oppose his release pending sentencing upon the posting of a reasonable bond and defendant's adherence to any conditions of bond the Court may impose, to include electronic monitoring, reasonable curfew hours, and gainful employment."

The motion further recites that Defendant entered a plea of guilty on May 19, 2006, to Counts Two-Seven of the Indictment, the government having previously dismissed Count One, and that at the plea hearing the District Court adopted the Plea Agreement. From the motion, it does not appear that the Court was made a party to this provision of the Plea Agreement, and the plea was not conditioned upon the Court accepting the proposal that Defendant be released on bond.

The government has filed a response [Doc. #31], acknowledging that it does not oppose Defendant's motion pending sentencing now that Defendant has accepted responsibility. The government further states that its agreement was predicated upon Defendant's representation that his family could and would post a bond secured by property; that Defendant reside with his mother; that Defendant be subject to electronic monitoring; that Defendant observe appropriate curfews; and that he remain in his home unless gainfully employed outside his home. The government further recommends that Defendant have no contact with his brother, Lavon Harmon.

In their filings, the parties have presented nothing that demonstrates any change in the facts and circumstances that supported this Court's Order for pretrial detention. If anything, the grounds for detention are stronger now that Defendant has admitted to the numerous drug transactions set forth in the Indictment. Moreover, all of the conditions that the government now proposes as sufficient to assure Defendant's appearance and the safety of the community were proposed by Defendant at the detention hearing. At that time, the government argued that those conditions were inadequate to assure Defendant's appearance and the safety of the community, and the Court agreed, for the reasons set forth in the Order of Detention, the Pretrial Services Report, and at the hearing.

The only thing that has changed is that Defendant has entered a guilty plea to six of the counts of the Indictment. But that only means that the standard for release pending sentencing is now more stringent. 18 U.S.C. § 3143 provides:

> "the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to

2

28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by *clear and convincing evidence* that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under 3142(b) or (c)." (emphasis added).

The parties have presented nothing that would permit the necessary finding under 18 U.S.C. § 3143 to be made by clear and convincing evidence, and the Court continues to find that detention is appropriate for the reasons stated in this Court's prior Order of pretrial detention.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Rescind Detention Order [Doc. #30], filed by Defendant and conditionally joined by the government, is **DENIED**.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 24th day of May, 2006.